```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

State of Ohio, ex rel.
Lonny Bristow,

    Relator,

    v.                                Case No. 2:13-cv-614

Director and Assistant
Director, Designation and
Sentence Computation Center,
Federal Bureau of Prisons,

    Respondents.


<u>OPINION AND ORDER</u>

    This action in mandamus was filed on June 6, 2013, in the Fifth District Court of Appeals, Knox County, Ohio, by relator Lonny Bristow, a federal prison inmate, against respondents, the Director and Assistant Director of the Designation and Sentence Computation Center, Federal Bureau of Prisons.  When the petition was filed in state court, relator was confined at the Northeast Ohio Correctional Center in Youngstown, Ohio.  Relator alleged in his petition that he had previously testified in a state court criminal proceeding against Steve Hamilton, a member of the Aryan Brotherhood.  Relator stated that Hamilton had threatened his life, and that relator had previously been placed in protective custody.  Relator further stated that he had been assigned by respondents to the federal correctional facility located in Terre Haute, Indiana.  Relator maintained that numerous personal friends of Steve Hamilton were also incarcerated at the Terre Haute institution, and that relator's placement there would put his life at risk.  Relator also contended that respondents used "misinformation" which resulted in

his improper classification and assignment to the Terre Haute facility. Relator sought a writ of mandamus requiring respondents to designate him to another facility. Relator has since been transferred to the Terre Haute institution.

On June 26, 2013, respondents filed a notice of removal of the mandamus petition to this court pursuant to 28 U.S.C. §1442(a). Section 1442(a) permits the removal of a civil action filed in state court against any officer or agency of the United States to a United States district court. On June 27, 2013, respondents filed a motion to dismiss relator's petition for writ of mandamus pursuant to Fed. R. Civ. P. 12(b)(1) due to lack of subject matter jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. On August 19, 2013, the magistrate judge issued an order directing relator to respond to the motion within fourteen days. That time period has elapsed, and relator has failed to respond to the motion to dismiss.

I. Lack of Subject-Matter Jurisdiction

Respondents have filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Respondents rely on the doctrine of derivative jurisdiction, which holds that a federal district court is without proper removal jurisdiction if the state court from which the case was removed lacked subject-matter jurisdiction, even if the case could have originally been filed in federal court. Calhoun v. Murray, 507 Fed.Appx. 251, 256 (3d Cir. 2012)(citing Minnesota v. United States, 305 U.S. 382, 389 (1939)); Federal National Mortgage Association v. LeCrone, 868 F.2d 190, 192 (6th Cir. 1989)("if the

2

state court from whence the action is removed had no jurisdiction then the federal court 'receives' none even if original jurisdiction in the federal court would have been proper").

In 1985, Congress amended 28 U.S.C. §1441, the general removal statute, by adding former 28 U.S.C. §1441(e), which abolished the doctrine of derivative jurisdiction in "civil actions" commenced in state court after June 19, 1986.  The Sixth Circuit construed §1441(e) as also abolishing the derivative jurisdiction doctrine in cases removed pursuant to §1442(a).  See Carpenter v. Dalrymple, 894 F.2d 407 (table), 1990 WL 5311 at *1 (6th Cir. Jan. 26, 1990). However, in 2002, Congress redesignated the former §1441(e) as 28 U.S.C. §1441(f), and amended that provision to read: "The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."  28 U.S.C. §1441(f) (emphasis supplied).  Since the enactment of §1441(f), courts have held that the derivative jurisdiction doctrine still applies to cases removed by the federal government or federal officers pursuant to §1442(a). See Rodas v. Seidlin, 656 F.3d 610, 618 (7th Cir. 2011); Palmer v. City National Bank of West Virginia, 498 F.3d 236, 245-46 (4th Cir. 2007).

In Bullock v. Napolitano, 666 F.3d 281 (4th Cir. 2012), the Secretary of the Department of Homeland Security removed an action from state court pursuant to §1442(a), then moved to dismiss under the derivative jurisdiction doctrine on the ground that the state court lacked subject-matter jurisdiction over the Title VII claims of a federal employee.  The Fourth Circuit affirmed the dismissal,

3

noting that Congress had not abrogated the derivative jurisdiction doctrine with respect to actions removed under §1442(a), and that because the state court had no subject-matter jurisdiction over the plaintiff's claims, neither did the district court after the Secretary removed the action. Id. at 286 and n. 2.[1]

In the instant case, respondents correctly note that a state court has no authority to issue a writ of mandamus against a federal officer. See McClung v. Silliman, 19 U.S. 598 (1821)(cited in Garland v. Sullivan, 737 F.2d 1283, 1286 (3d Cir. 1984)). Because the Ohio Fifth District Court of Appeals lacked the authority to entertain relator's petition for a writ of mandamus against the respondent federal officials, this court likewise lacks authority to entertain relator's petition due to the operation of the derivative jurisdiction doctrine, and this action must be dismissed.

II. Failure to State a Claim

Respondents argue that dismissal of the petition is also warranted because relator has failed to plead facts sufficient to indicate that he is entitled to relief in mandamus. In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept

---

[1] Other courts have held that the derivative jurisdiction doctrine creates a defect in removal which constitutes a procedural bar to the exercise of federal judicial power, rather than defeating federal subject-matter jurisdiction. See Calhoun, 507 Fed.Appx. at 256; Rodas, 656 F.3d at 619-25. However, even if dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) is not appropriate, the derivative jurisdiction doctrine would still procedurally bar this court from considering the merits of relator's petition, thus providing grounds for dismissal under Rule 12(b)(6) for failure to state a claim for mandamus relief.

all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id.

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Mandamus jurisdiction in federal courts is codified at 28 U.S.C. §1361, which provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

5

thereof to perform a duty owed to the plaintiff." "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." Maczko v. Joyce, 814 F.2d 308, 310 (6th Cir. 1987). Mandamus is available only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff. Carson v. United States Office of Special Counsel, 633 F.3d 487, 491 (6th Cir. 2011). Mandamus is not an appropriate remedy if the action that the petitioner seeks to compel is discretionary. Id.

Under 18 U.S.C. §3621(b), the Bureau of Prisons has the sole discretionary authority to designate the place of an inmate's imprisonment. See 18 U.S.C. §3621(b)("The Bureau may designate any available penal or correctional facility" and "may at any time ... direct the transfer of a prisoner from one penal or correctional facility to another."); Tapia v. United States, 131 S.Ct. 2382, 2390-91 (2011)(Bureau of Prisons has control over the place of a prisoner's imprisonment under §3621(b)); Dismas Charities, Inc. v. U.S. Dept. of Justice, 401 F.3d 666, 673 n. 4 (6th Cir. 2005)(discretionary authority under §3621(b) to designate place of confinement for federal prisoners rests with the Bureau of Prisons); Klawonn v. United States 11 Fed.Appx. 559, 561 (6th cir. 2001)(decisions to place a defendant within a particular facility are within the sole discretion of the Bureau of Prisons). Because the action relator seeks to compel–his reassignment to another facility–is discretionary, relator has shown no clear right to

6

relief or a clear duty on the part of respondents to act, and mandamus is not the appropriate remedy.

In addition, there are other adequate remedies which are available to relator. A federal prisoner's complaints about his place of confinement challenge the manner in which the sentence is being executed, and are therefore cognizable in a habeas petition filed under 28 U.S.C. §2241(a) in the district court located in the district in which the prisoner is incarcerated. See United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). Federal prisoners complaining of events or conditions relating to their custody also have administrative remedies afforded by the Bureau of Prisons which must be exhausted prior to pursuing habeas relief under §2241(a). Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981). Because relator may seek administrative relief from the Bureau of Prisons concerning his place of confinement, and, if such relief is denied, may pursue habeas relief pursuant to §2241, mandamus relief is not appropriate. See United States v. Murillo-Payan, 157 Fed.Appx. 773, 774 (5th Cir. 2005).

III. Conclusion

In accordance with the foregoing, respondents' motion to dismiss (Doc. 4) is granted, and this case is dismissed. This dismissal is without prejudice to relator's pursuit of other avenues of relief through the Bureau of Prison's administrative remedies and 28 U.S.C. §2241(a).

Date: September 25, 2013        s/James L. Graham
                                James L. Graham
                                United States District Judge

7